# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTHONY V. CORDOVA,

        **Plaintiff,**

   v.                                    Case No. 19-CV-277

BRIAN FOSTER AND
C. MARCHANT,

        **Defendants.**

## ORDER

Plaintiff Anthony V. Cordova is a Wisconsin state prisoner who is representing himself. He filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights by being deliberately indifferent to his serious medical needs, by retaliating against him, and by impeding his access to the courts while incarcerated at Waupun Correctional Institute. Cordova also filed a motion to proceed without prepaying the filing fee. The court has jurisdiction to resolve Cordova's motion and to screen the complaint based on the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

*1. Motion for Leave to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act (PLRA) gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that they pay an initial partial filing fee. On February 28, 2019, the court ordered Cordova to pay $1.37 as an initial partial filing fee. Cordova paid that fee on March 28, 2019. Accordingly, the court will grant his motion to proceed without prepaying the filing fee. He will have to pay the filing fee over time in accordance with this order.

*2. Screening of the Complaint*

2.1 Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon

2

him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

2.2 The Complaint's Allegations

Cordova has poor vision and cannot see up close. His prescription for eye glasses expired on September 20, 2018. A review of the exhibits indicates that Cordova broke his glasses. Cordova submitted a health service request on September 20, 2018, asking how much longer he would have to wait to see the optometrist. Defendant C. Marchant, the Health Services Unit (HSU) manager, responded and told him that he had been referred to see the optometrist.

On January 4, 2019, Cordova submitted several requests to various officials asking for a magnifying glass so that he could read his Bible. Cordova sent a health service request, a request to the chaplain (which requested, in the alternative, that he be provided with tapes and a tape player so he could listen to the Bible), and a request to the school director. He also sent a request to defendant Brian Foster, the warden at Waupun, asking to use his release account to purchase new glasses. He also needs his glasses to do his legal work. After nothing came from the requests, Cordova sent a request to his social worker on January 8, 2019. She responded and said it was not something for which she could provide help. On January 31, 2019,

3

Cordova submitted an information request to Foster, asking for the HSU manager's name.

Cordova's health care provider previously prescribed him Excedrin for migraines. When Marchant provided him with aspirin instead, he sent notice that he was going to file a complaint and then a civil lawsuit. He alleges that, because of this prior incident, Marchant is retaliating against him by moving his name to the bottom of the list to see the optometrist. Cordova alleges that he informed both Foster and Marchant that their actions were unconstitutional because he was being prevented from doing his legal work.

2.2 Analysis

To state a claim of deliberate indifference to a serious medical need, a plaintiff must allege that: (1) he suffered from an objectively serious medical condition; and (2) the defendants were deliberately indifferent to a risk of serious harm from that condition. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). The Court of Appeals for the Seventh Circuit has stated that a "need for prescription glasses could conceivably constitute a serious medical need." *Franklin v. McCaughtry*, 110 Fed. Appx. 715, 721 (7th Cir. 2004). By alleging that he has a need for prescription glasses, Cordova has sufficiently alleged that he suffers from an objectively serious medical condition. In addition, his allegation that Foster and Marchant knew that he needed prescription glasses and did nothing to ensure he timely saw the optometrist sufficiently alleges that they were deliberately indifferent to a risk of serious harm from that condition. Thus, Cordova's complaint sufficiently states an Eighth

4

Amendment claim against both Foster and Marchant for being deliberately indifferent to his serious medical need.

Cordova also makes allegations that sound like he intends to assert a First Amendment retaliation claim against Marchant, but he does not allege sufficient facts. To establish a claim of retaliation under the First Amendment, a plaintiff must show that he engaged in a protected activity, he suffered a deprivation likely to prevent future protected activities, and there was a causal connection between the two. *See Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Cordova has failed to allege that he engaged in a protected activity. According to the complaint, when Marchant gave him ibuprofen instead of Excedrin, he sent her "notice" that he was going to file a complaint and then a civil action. (ECF No. 1 at 8.) He does not say he filed a complaint, and he provides no record of one. The court also looked at his other lawsuit, Case No. 18-CV-223, and it does not name Marchant as a defendant. Cordova has presented no evidence that he actually participated in a protected activity—only that he said he was going to. The Court of Appeals for the Seventh Circuit has never "ruled that threatening to file a lawsuit" is protected activity. *Reed v. Bowen*, ___ Fed. Appx. ___, 2019 WL 1873026, *4 (7th Cir. Apr. 26, 2019) (citing *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009)). The court has also found that it "implausible" that threatening to file a grievance would constitute protected activity. *Bridges*, 557 F.3d at 555.

5

But even if Cordova's "notice" to Marchant was protected activity, he does not make any allegations that would allow the court to infer a causal connection between the threat to file a complaint and Marchant keeping him at the bottom of the optometrist list. Instead, he only offers the conclusory allegation that Marchant kept him at the bottom of the optometrist list in retaliation for the "notice" he provided her. Courts do not have to "accept as true legal conclusion[s, or t]hreadbare recitals of the elements of cause action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (internal quotation marks omitted). His complaint does not state a claim that Marchant retaliated against him.

Cordova cannot proceed on a claim that the defendants impeded his access to the courts. While prison officials "must respect [the right to access the courts] by not impeding prisoners' efforts to pursue legal claims," a plaintiff must show that the denial of access to the courts resulted in prejudice in pending or contemplated non-frivolous litigation. *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *see also Bridges*, 557 F.3d at 553. Cordova has not shown that he even tried to access the courts. As noted above, he provided Marchant notice that he *intended* to file a complaint and a civil action. He alleges that not having glasses affected his ability to do his legal work, but he does not say anything more specific or articulate what non-frivolous claim he was prevented from bringing. If Cordova experienced interference with respect to his claims in this case, he cannot show prejudice given that those claims are now before the court. Therefore, the court will not allow him to proceed on a claim that the defendants denied him access to the courts.

*3. Conclusion*

**IT IS THEREFORE ORDERED** that Cordova's motion for leave to proceed without prepayment of the filing fee (ECF No. 4) is **GRANTED**.

**IT IS ALSO ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Cordova's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on defendants Foster and Marchant.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendants Foster and Marchant shall file a pleading responsive to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties shall not engage in discovery until the court enters a scheduling order.

**IT IS ALSO ORDERED** that the agency having custody of Cordova shall collect from his institution trust account the **$348.63** balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Cordova is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Cordova's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Cordova is confined.

**IT IS FURTHER ORDERED** that, under the Prisoner E-Filing Program, Cordova shall submit all correspondence and case filings to institution staff, who will scan and email documents to the court. If Cordova ceases to be incarcerated at a Prisoner E-Filing institution, he will be required to submit his filings to:

>  Office of the Clerk
>  United States District Court
>  Eastern District of Wisconsin
>  362 United States Courthouse
>  517 E. Wisconsin Avenue
>  Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Cordova is advised that failure to make a timely submission will result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 3rd day of May, 2019.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge