# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ANTHONY V. CORDOVA,**

        **Plaintiff,**

        v.                                                  Case No. 19-CV-277

**BRIAN FOSTER and**
**C. MARCHANT,**

        **Defendants.**

---

## ORDER

---

Plaintiff Anthony V. Cordova is Wisconsin state prisoner who is representing himself in this lawsuit about not being seen by an optometrist, keeping him from getting new glasses. He has filed motions asking for the return of his property, to have counsel appointed, for an extension of time to conduct discovery, and to compel the production of documents. Most recently, the defendants filed a motion asking to stay the discovery and dispositive motion deadlines and for a telephone conference once one of the defendants returns from extended leave. The court will address each of the motions.

    1. *Motions Related to Property*

Cordova has filed two motions asking the court to order prison officials to return his property. The first concerns his complaint. Several months ago, officials at Waupun Correctional Institution conducted a search of Cordova's cell. He filed a motion asking the court to order officials to return his complaint to him. (ECF No.

19.) Counsel for the defendants subsequently wrote a letter to Cordova, providing him with a copy of the complaint. (ECF No. 20.) As a result, the court denied the motion as moot. (ECF No. 21.)

However, Cordova has renewed his motion, stating he did not receive the letter and copy of his complaint the defendants' attorney sent. (ECF No. 22.) The court will deny his motion and instruct staff in the Clerk of Court's office to mail him a copy of his complaint along with this order. If Cordova does not receive this copy, he should inform the court immediately.

Cordova's second motion about his property concerns various mailings he says were confiscated by prison officials. (ECF No. 25.) Cordova was placed in psychiatric observation on the evening of September 14, 2019. That same day, he sent a letter to the defendants' attorney responding to her request for more time to produce documents in response to his discovery request. Over the next several days, prison officials confiscated a letter to an attorney asking that attorney to represent Cordova on a contingency fee basis, as well as a letter to the parole board that contained documents that he says negated his guilt. He also complains that officials did not respond to his second question in an information request in which he inquired about a certified letter sent to the attorney general's office (the court presumes he means the letter he sent in response to the discovery extension request). Cordova believes officials are retaliating against him for filing a lawsuit and asks that the court order officials to return the letters.

This motion does not add claims relating to alleged retaliation to Cordova's lawsuit, and he does not allege that the defendants are directly responsible for what

2

happened. He is, then, asking the court to order a nonparty to do something. He is also asking the court to interfere with the administration of the prison. Ordering the return of these documents is outside the scope of the court's authority, at least based on the information Cordova has provided. The court also reminds Cordova to avail himself of the procedures in place at the prison that might assist him in getting his property returned. The court denies his motion without prejudice.

2. *Motion to Appoint Counsel*

Cordova has asked the court to appoint counsel for him. Cordova gives several reasons why he needs an attorney: his mental illness makes it difficult for him to concentrate and he loses track of time; he believes he is being retaliated against; he believes conducting discovery will be too difficult; he cannot meet the court's deadlines; he finds it difficult to interpret the Federal Rules of Civil Procedure; he cannot get documents relating to the defendants' history; he will not be able to effectively cross-examine witnesses; and he intends to call and request an exam by an outside optometrist.

In a civil case, the court has the discretion to recruit counsel for individuals unable to afford counsel. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

3

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish et al.,* 923 F.3d 486, 490 (7th Cir. 2019) (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell*, 923 F.3d at 490. The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491.

Cordova does not provide the required information to show that he has tried to find an attorney on his own, though he states he has done so. Even assuming Cordova satisfied this requirement, the court would still deny his motion.

Most of the reasons given by Cordova as to why he needs an attorney are shared by most prisoner plaintiffs. But the court believes Cordova can continue to represent himself, at least at this time. First, his concerns about cross-examination are premature. Second, though Cordova's claim is about medical care, the court does not believe that Cordova will need an expert—he is alleging the defendants kept him from seeing an optometrist. The quality of care he received is not in question. His claims are based on not being able to see a doctor at all. Third, and most importantly, almost all of Cordova's remaining concerns can be addressed by affording him more time. The court has reviewed his filings in this case and his other case, 19-cv-223. Cordova has been able to communicate clearly and effectively, outlining what happened to him and explaining why he believes it entitles him to relief. If he needs more time to account for his mental health concerns and unfamiliarity with the procedural rules, the court can—and will—provide that. His motion to appoint counsel is denied without prejudice.

3. *Motion for Extension of Time and Motion to Stay*

Cordova also filed a motion asking for more time to conduct discovery. (ECF No. 23.) The defendants have also moved to stay the discovery and dispositive motion deadlines because one of the defendants is on extended leave and not reachable until at least February 15, 2020. (ECF No. 28.) The court will stay the dispositive motion deadline and reopen discovery. This will allow the parties to

exchange what information they are able to exchange at this time. The court will also set a telephonic scheduling conference for a date after February 15, 2020 to ensure that the new deadlines for discovery and dispositive motions reflect the parties' needs after this brief additional period of discovery and the return of the defendant on leave.

4. *Motion to Compel*

Cordova also filed a motion to compel the defendants to produce his vision medical records. (ECF No. 27.) However, Cordova failed to comply with Civil Local Rule 37 (E.D. Wis.) because he did not include a certification that he and counsel for the defendants conferred in good faith to try to resolve this issue. As a result, the court denies his motion without prejudice. If Cordova and counsel for the defendants cannot reach an agreement during the extended discovery period regarding the production of his vision medical records, he may re-file his motion. If he does so, Cordova should be sure to include the required certification.

5. *Conclusion*

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Cordova's motion for a court order for the return of his complaint (ECF No. 22) is **DENIED**. The court directs the Clerk of Court's office to include a copy of the complaint with this order.

**IT IS FURTHER ORDERED** that Cordova's motion for a court order for the return of federal documents (ECF No. 25) is **DENIED without prejudice**.

**IT IS ALSO ORDERED** that Cordova's motion to appoint counsel (ECF No. 24) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Cordova's motion for an extension of time (ECF No. 23) is **GRANTED**. Discovery is reopened and the dispositive motion deadline is stayed.

**IT IS ALSO ORDERED** that the defendant's motion to stay the discovery and dispositive motion deadlines is **GRANTED in part and DENIED in part**. The dispositive motion deadline is stayed. The discovery deadline, however, is not stayed and the parties may engage in discovery. The court will set a telephonic scheduling conference for **March 3, 2020 at 9:30 a.m.** to set new discovery and dispositive motion deadlines.

**IT IS ALSO ORDERED** that Cordova's motion to compel (ECF No. 27) is **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin this 6th day of January, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge